HALL, Judge.
The appellants, the Estate of George Gimbert and Aetna Casualty and Surety Company, challenge the jury’s awards of 1.5 million dollars in compensatory damages against the estate and 1.5 million dollars in punitive damages against Aetna. We reverse the award of compensatory damages and remand for a new trial on the issue of the amount of those damages only.
This case arose out of an automobile accident that occurred when George Gim-bert struck the appellee, Cheryl Lamb. Aetna, Gimbert’s insurance carrier, contacted Lamb, and she ultimately signed a release of her bodily injury claim, as well as her property damage claim, against Gim-bert. Lamb sued Aetna for fraud, alleging that Aetna’s adjuster, Marilyn Watson, defrauded her into releasing her bodily injury claim by misrepresenting to her that she had to sign a release of both her bodily injury and property damage claims in order to settle the latter claim. Lamb also sued Gimbert’s estate for her bodily injuries.
The fraud action against Aetna boiled down to Watson’s word against Lamb’s regarding the circumstances surrounding the signing of the release. We find no merit in Aetna’s arguments concerning this issue as there is substantial, competent evi *231 dence to support the jury’s verdict that Aetna committed fraud against Lamb.
The liability action against the estate was resolved by a directed verdict, which the appellants do not contest in this appeal. We find, however, that we must reverse the compensatory damages awarded by the jury against the estate because we agree with the appellants that the trial court erred in not severing the negligence and fraud actions. We find that the estate was unduly prejudiced by the trying of the two actions together because of the nature of the claim against Aetna and the fact that Aetna’s net worth was revealed during the trial.
Accordingly, we affirm that part of the final judgment awarding Lamb 1.5 million dollars in punitive damages against Aetna, but we reverse that part of the final judgment awarding her compensatory damages against the estate. We remand for a new trial on the issue of the amount of compensatory damages only.
Reversed and remanded.
CAMPBELL, A.C.J., and FRANK, J., concur.